UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CASE NO. 13-76383-MGD |
| BOBBY K. CHAU, | * | |
| | * | |
| LAURIE T. CHAU, | * | |
| | * | CHAPTER 7 |
| Debtors. | * | |

**MOTION FOR CONTEMPT SANCTIONS AGAINST CHASE MORTGAGE**

COME NOW, Bobby K. Chau and Laurie T. Chau, Debtors in the above-styled case, by and through the undersigned counsel, and file this "Motion Contempt for Sanctions Against Chase Mortgage," and show this Honorable Court the following:

1.

The above-entitled case was commenced by the filing of a voluntary petition under Chapter 7 on December 4, 2013, and has not been converted under 11 U.S.C. §§706, 1112, 1208. Debtors §341 hearing was held and concluded on January 8, 2012

2.

This Court is the proper venue for this matter pursuant to Fed. R. Bankr. P. 9011(c)1(A) and (b), which states: "by presenting to the Court a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances; and, it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

3.

Chase Mortgage is the first lienholder for Debtors' residence located at 852 Frances Drive, Smyrna, GA, 30080. Chase Mortgage is in violation of Debtors' discharge. A Debtor may enforce the discharge injunction through contempt proceedings. [1]

4.

Debtors intention, in regards to their residence and as stated on their voluntary petition, is to reaffirm their debt with Chase Mortgage. According to 11 U.S.C. §4008(a), "The reaffirmation agreement shall be filed no later than sixty (60) days after the date set for the Meeting of Creditors under §341(a)."

5.

On December 30, 2013, Elder Law Firm staff first made contact with Chase Mortgage to request a reaffirmation agreement be prepared for Debtors.

6.

On January 23, 2014, staff from Elder Law Firm again contacted Chase Mortgage, as no reaffirmation agreement had been received thus far. A representative of Chase Mortgage indicated the agreement had not yet been processed, and suggested calling back "at a later date."

7.

On February 11, 2014, Elder Law Firm again contacted Chase Mortgage to determine the status of the agreement. The representative indicated she sent the request for the agreement to a supervisor to "expedite" the process. Staff of Elder Law Firm indicated this case should be discharged within a month, and expressed concern that the agreement would not be ready and filed in time. Staff also asked if Chase was willing to pay the reopening fee for this case if it were to close without the reaffirmation agreement being filed. The representative said counsel

---

[1] Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186 (9th Cir. 2011) (action must be brought by motion, not adversary proceeding)

would have to speak with the attorneys for Chase to get an answer to that question, but would not specify who the attorneys were.

8.

On March 3, 2014, Elder Law Firm again contacted Chase Mortgage as to the status of the agreement. A representative indicated the reaffirmation agreement was being "worked on" by the attorneys and would most likely be received by Chase in "a week or two." Staff from Elder Law Firm again stated the case would close soon. The representative said she would "expedite" the agreement.

9.

On March 28, 2014, staff from Elder Law Firm again called Chase Mortgage to inquire about the status of the reaffirmation agreement. A representative from Chase indicated they had not yet received the completed agreement from their attorneys. The representative again said to check back in a few weeks. According to 28 U.S.C. 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Elder Law Firm made it clear that because of the frustration we would attempt to obtain sanctions.

10.

On April 10, 2014, Elder Law Firm filed a Motion to Defer Entry of Discharge to stop this case from being discharged before the reaffirmation agreement can be filed.

11.

On April 22, 2014, staff from Elder Law Firm again called Chase to inquire about the status of the reaffirmation agreement. After being placed on hold for approximately fifteen minutes, the

representative indicated there was "no new or additional information to provide."  After almost four months, the reaffirmation agreement is still "in process," with no end in sight.

12.

Sanctions are appropriate under Bankr. R. 9011 and the Court's inherent authority. The Bankruptcy Court has authority under § 105(a) to enforce the discharge by issuance of contempt orders and imposition of contempt sanctions, including punitive damages. [2] A motion is filed by the Debtor to seek contempt sanctions for violation of the discharge. [3]

13.

Debtors' case should have been discharged and closed sometime in March 2014.  Counsel has filed a Motion to Delay/Defer Discharge in order to keep the case open so this reaffirmation agreement can be filed, without the added expense of reopening the case.  At this time, Elder Law Firm is no closer to receiving this agreement than we were four (4) months ago. Elder Law Firm has stated Rule 11 ("Safe Harbor Rule") on numerous occasions, and Chase Mortgage has had plenty of time to abandon their position and comply with 11 U.S.C. §4008(a). Chase Mortgage has given no reason as to why this is happening or ever tried to contact counsel regarding this issue; in, fact, counsel has been told several times that no one in the Reaffirmation Department would speak with us.  It is outrageous that Chase Mortgage can perpetuate this kind of behavior without repercussions.  The Debtors cannot move forward with their lives, which they reasonable expected after filing for Chapter 7 bankruptcy.  This is solely because Chase Mortgage will not prepare and mail a simple document assuring payment to them.

---

[2] *In re* Goodrich, 422 B.R. 724 (Bankr. D. Ariz. 2010) (credit card company and its collection agent fined $10,000 for discharge violation).

[3] Englund v. SBS Fin. Servs. (*In re* Englund), 401 B.R. 377 (B.A.P. 8th Cir. 2009) (damages for discharge violation can be sought through motion); Mogg v. Consumer Collection Mgmt., Inc. (*In re* Mogg), 2007 Bankr. LEXIS 3085 (Bankr. S.D., I11. Sept. 5, 2007) (adversary proceeding is not necessary for violation of discharge injunction, citing *In re* Consol. Indus. Corp., 360 F.3d 712 (7th Cir. 2004).

This Honorable Court has been presented with a preponderance of evidence proving Chase Mortgage has violated the Debtors' right to a timely discharge by maliciously delaying the processing of the reaffirmation agreement, [4] with no regards to Debtors' or Counsel's time in this matter. Counsel has shown clear and convincing evidence, proving Chase Mortgage should compensate the Debtors and Debtors' counsel for their egregious behavior.

All Debtors deserve to have their case move at a normal pace, and Chase Mortgage has done nothing but hinder the Debtors ability to have this. It is unfortunate that mortgage companies have the power to not report mortgage payments to the credit bureaus if a debtor does not reaffirm. By not reporting without a reaffirmation agreement, they are holding Debtors hostage. It is tantamount to appearing the debtors have no credit, and no chance to ever refinance, therefore they are saddled with reaffirming. Elder Law Firm has spent enormous amounts of time and money trying to obtain this reaffirmation agreement for the Debtors, and there is no end in sight. Debtors and counsel should be compensated for the outrageous amount of time spent on this issue and also for the inability for the Debtors to receive the "fresh start" that a bankruptcy provides. Counsel hereby asks this Honorable Court for the following sanctions from Chase Mortgage, under Fed. R. Bankr. P. 9011: Five thousand dollars ($5,000.00) in punitive damages to the Debtors, to provide retribution to Chase Mortgage for their reckless conduct with the Debtors' financial future and to deter Chase mortgage from future misconduct; and to Elder Law Firm, thirty dollars ($30.00) per phone call, equaling two hundred ten dollars ($210.00), two-hundred and fifty dollars ($250.00) per motion filed, equaling two hundred-fifty dollars ($250.00) for a total of four hundred sixty dollars ($460.00), eight-hundred and fifty dollars ($850.00) for three and one half hours of research and preparation for this motion, and one thousand dollars ($1,000) for attorney's fees for time spent talking to Debtors

---

[4] *In re* Al-Jiboury, 344 B.R. 218 (Bankr. D. Mass. 2006) (collecting cases on burden of proof).

about why this case is not closed, for a grand total of seven-thousand, three-hundred and ten dollars ($7,310.00).

WHEREFORE, Debtor prays:

(a)   this Motion be filed, read and considered;

(b)   this Honorable Court grant this Motion and impose the above sanctions on Chase Mortgage; and,

(c)   this Honorable Court grant such other and further relief as it deems just and proper.

                                                            Respectfully submitted by:

                                                    _____/s/_____

                                                    Shelley Elder, Attorney for Debtor
                                                  Georgia Bar No. 130522
                                                  Elder Law Firm, PLLC
                                                  1558 Ridenour Pkwy. NW

Dated April 24, 2014.              Kennesaw, GA 30152
                                                  404-783-2244
                                                  selderlaw@aol.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CASE NO. 13-76383-MGD |
| BOBBY K. CHAU, | * | |
| | * | |
| LAURIE T. CHAU, | * | |
| | * | CHAPTER 7 |
| Debtors. | * | |
| | * | |
| | | |
| BOBBY K. CHAU, | * | |
| LAURIE T. CHAU, | * | |
| Movants, | * | |
| v. | * | |
| CHASE MORTGAGE COMPANY, | * | CONTESTED MATTER |
| CHASE BANK, | * | |
| CHASE HOME FINANCE LLC | * | |
| Respondents. | * | |
| | * | |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that **BOBBY K. CHAU** and **LAURIE T. CHAU** have filed a Motion for Contempt Sanctions Against Chase Mortgage and related papers with Court

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the motion for relief from the automatic stay in Courtroom **1201**, United States Courthouse, 75 Spring Street SW, Atlanta, Georgia, at **10:30 A.M.** on **May 29, 2014.**

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy

case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant relief sought in these pleadings or if you want to the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Spring Street SW, Atlanta, Georgia. You must also mail a copy of your response to the undersigned at the address stated below.

     If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty (30) days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court order otherwise.

Respectfully submitted by:

_____ /s/_____
Shelley Elder, Attorney for Debtor
Georgia Bar No. 130522
Elder Law Firm, PLLC
1558 Ridenour Pkwy. NW
Kennesaw, Ga 30152
404-783-2244
selderlaw@aol.com

## CERTIFICATE OF SERVICE

This is to certify under penalty of perjury that I am over the age of 18 and that on this day I served the following parties with a copy of the attached pleadings by placing true copies of the same in the United States Mail with adequate postage affixed to insure delivery, addressed to

Bobby K. Chau
2727 John Petree Road
Powder Springs, GA 30127

Laurie T. Chau
852 Frances Dr.
Smyrna, GA 30080

Jeffrey K. Kerr, Trustee
Jeffrey K. Kerr & Company, LLC
Suite 130
241 West Wieuca Rd., NE
Atlanta, GA 30342

**AND SENT BY CERTIFIED MAIL TO:**

**Chase Mortgage Corporation**
c/o Kevin Watters, CEO
343 Thornall St
Edison, NJ 08837-2206

**Chase Bank**
c/o Jamie Dimon, CEO
270 Park Ave.
New York, NY 10017

**Chase Home Finance, LLC**
c/o Glenn Mouridy, CFO
3415 Vision Dr.
Columbus, OH 43219

**Chase Mortgage**
Mail Code OH4-7302
P.O. Box 24696
Columbus, OH 43224-0696

This, the 10th day of April, 2014.

_____/s/_____
Shelley Elder, Attorney for Debtor
Georgia Bar No. 130522
Elder Law Firm, PLLC
1558 Ridenour Pkwy. NW
Kennesaw, GA 30152
404-783-2244
selderlaw@aol.com